WESSEL v. SAKMANN et al.

(Supreme Court, Appellate Division, Second Department. March 5, 1909.)

1. MOTIONS (§ 64*)—SUBSEQUENT MOTIONS FOR SAME RELIEF—MOTION BY DIFFERENT DEFENDANTS.

In an action relating to real property, against plaintiff's partner and a creditor of the firm, the denial of a motion by the creditor defendant to cancel a lis pendens filed was not res judicata of a subsequent motion by the other defendant to cancel it; their interests not being identical, and the latter defendant not appearing on the first motion or taking any part therein.

[Ed. Note.—For other cases, see Motions, Dec. Dig. § 64.*]

2. MOTIONS (§ 64*) — SUCCESSIVE APPLICATIONS BY DIFFERENT DEFENDANTS — CANCELLATION OF LIS PENDENS.

In an action relating to realty, the denial of a motion by one of defendants made upon the pleadings, and not upon terms, to cancel a lis pendens filed therein, would not preclude a subsequent motion for the same relief by another defendant, accompanied by an offer of security, pursuant to Code Civ. Proc. § 1671, permitting any defendant or person having an interest in the property affected to apply for cancellation of such notice, where it appears to the court that adequate relief may be granted plaintiff by the giving of an undertaking.

[Ed. Note.—For other cases, see Motions, Dec. Dig. § 64.*]

Appeal from Special Term, Kings County.

Action by Charles G. Wessel against Rosa Sakmann and another. From an order granting a motion to cancel a lis pendens on the execution of an undertaking to pay plaintiff's judgment, plaintiff appeals. Affirmed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before HIRSCHBERG, P. J., and WOODWARD, GAYNOR, JENKS, and MILLER, JJ.

Walter H. Cragg, for appellant.

J. J. Karbry O'Kennedy, for respondent Hoffman.

WOODWARD, J. There appears to be no doubt that the learned court was acting within its discretionary powers in granting the defendant Hoffman's motion to cancel a lis pendens on terms; but it is urged on this appeal that the defendant Sakmann had previously made a similar motion, which was denied, and that this became res adjudicata upon the point, and that, no permission having been granted to renew that motion, the defendant Hoffman is precluded from asking for the same relief. If the interests of the defendants were identical, and both parties were before the court on the motion, it might be that this contention would be sound. But it appears from the moving papers that the interests of Hoffman and Sakmann are not identical; that Hoffman is a partner of the plaintiff, while Sakmann is a creditor of the firm; that Hoffman did not appear on the motion of Sakmann, either in person or by counsel; and that he took no part in the motion. Moreover, the motion made by the defendant Sakmann was not upon terms, but was made upon the pleadings and the affidavits in that motion, while the present motion is based upon the defendant's offer to provide security as provided in section 1671 of the Code of Civil Procedure. The section cited provides that:

"Any defendant or any other person having an interest in the property affected by the action may apply for the cancellation of such notice."

Surely the fact that one defendant has asked for relief upon the pleadings does not prevent another defendant from making a motion under the provisions of this section. The right is one belonging to "any defendant or any other person having an interest," and it is not lost to one defendant, or to a person having an interest, because it has been denied to another.

We think the facts shown in the moving papers do not warrant the conclusion that the undertaking for $3,500 is inadequate. The value of the real estate affected is much greater, no doubt; but the interest of the plaintiff cannot, by any reasonable construction of the facts, exceed a few hundred dollars, and it is difficult to avoid the conclusion that the anxiety to retain this notice of the pendency of this action is rather to embarrass the defendants than to bring about the ends of justice.

The order appealed from should be affirmed, with costs. All concur.